IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELBERT MULDROW (TDCJ No. 2069724), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-505-K-BN |
| PANDORA CAULEY, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action.

**Applicable Background**

Plaintiff Elbert Muldrow,[1] a Texas prisoner, brings claims against mail room and law library employees (as well as the warden) at the Texas Department of Criminal Justice's ("TDCJ") Hutchins State Jail related to one employee allegedly opening his legal mail and then placing that mail into another envelope, an envelope containing the

---

[1] Plaintiff spells his last name "Muldrow" in the complaint. But, in Texas Department of Criminal Justice records, his last name is spelled "Muldrew." And Plaintiff previously filed an action in this Court spelling his last name "Muldrew."

repackaged legal mail that Muldrow later received. *See* Dkt. No. 3. As against this employee, Muldrow seeks "to press federal charges," and he seeks compensation ($1.2 million) "for the mental distress and physical harm this has caused [him] for violating [his] civil right to legal mail privacy." *Id.* at 4.

## Legal Standards and Analysis

A district court is required to screen a civil action filed *in forma pauperis* ("IFP") and may summarily dismiss that action if, for example, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The same requirement applies to a civil action filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" regardless whether the prisoner is proceeding IFP. *See* 28 U.S.C. § 1915A(b)(1); *see Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) ("a suit by a prisoner against state agencies and officers ... is clearly within the ambit of section 1915A" and requires screening "even when a prisoner has paid the required filing fee").

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a

plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Muldrow's only basis for recovery under Section 1983 here is how his mail was handled under state agency rules or regulations – mail that Muldrow admits he received. *See* Dkt. No. 3 at 4; *cf. Perez v. Tanner*, No. 3:17-cv-2846-N-BN, 2017 WL 7000283, at *3 (N.D. Tex. Dec. 22, 2017) ("To allege an access-to-courts claim that is 'more than mere hope,' it must 'be pled in a manner that satisfies Fed. R. Civ. P. 8(a).' And that claim may be 'arguable' – not merely hopeful – when it is based on the alleged seizure or destruction of legal materials." (citations omitted)), *rec. accepted*, 2018 WL 501601 (N.D. Tex. Jan. 19, 2018). But, "absent some showing that the defendants violated [a plaintiff's] *federal* constitutional rights, complaints about the violation of state statutes, state procedural or evidentiary rules, or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983."

*Rodarte v. Beneficial Tex. Inc.*, No. SA-16-CA-71-RP, 2016 WL 1312637, at *8 (W.D. Tex. Apr. 4, 2016) (collecting cases, emphasis in original, and concluding that where a plaintiff "alleges merely that any of the defendants failed to comply with ... state procedures for handling prisoner mail ... those allegations, standing alone, do not provide even an arguable basis for recovery or for a finding that [a plaintiff] is entitled to any relief under Section 1983"); *see, e.g., Henderson v. Hutchins State Jail*, No. 3:17-cv-3204-M-BN, 2017 WL 6466894 (N.D. Tex. Nov. 27, 2017) (summarily dismissing similar mail-handling claims brought under Section 1983), *rec. accepted*, 2017 WL 6447236 (N.D. Tex. Dec. 18, 2017).

### Three Strikes

A prisoner generally may not proceed IFP if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Should the Court accept the undersigned's recommendation that this action be dismissed for failure to state a claim, that dismissal will counts as Muldrow's third strike. *See Muldrow v. Berthot*, No. 6:12cv460, 2012 WL 3991366 (E.D. Tex. Sept. 11, 2012); *Muldrew v. Burger*, No. 3:17-cv-3378-M, 2017 WL 6880130 (N.D. Tex. Dec. 15, 2017), *rec. accepted*, 2018 WL 318471 (N.D. Tex. Jan. 8, 2018).

### Recommendation

The Court should summarily dismiss this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE